IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACKNEW INVESTMENTS INC. and VICE REGAL DEVELOPMENTS INC., <br><br> Petitioners, <br><br> v. <br><br> REALBIZ MEDIA GROUP INC., <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 16-_____ |

## PETITION TO ENFORCE ARBITRATION AGREEMENT

Petitioners, Acknew Investments Inc. and Vice Regal Developments Inc. (collectively, "Petitioners"), as and for their Petition to enforce an arbitration agreement, state as follows:

1. This is an action to enforce an agreement to arbitrate, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. Respondent Realbiz Media Group Inc. ("Respondent") refuses to submit to an arbitration Petitioners commenced, notwithstanding its dispositive obligations under an arbitration agreement it entered into with Petitioners.

2. Petitioners are Canadian corporations, and maintain their principal places of business in Canada.

3. Respondent is a corporation incorporated in the State of Florida, and maintains its principal place of business in the State of Florida.

4. Respondent was formally known as Attaché Travel International, Inc., a corporation incorporated in the State of Florida. On or about December 1, 2012, Attaché Travel International, Inc. changed its name to RealBiz Media Group, Inc., via an amendment to its Articles of Incorporation. *See* June 15, 2016 Affirmation of Marc B. Duquette (the "Duquette Aff."), ¶ 3 and Ex. A.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a civil action involving a controversy between citizens or subjects of a foreign state and citizens of a State, and the amount in controversy exceeds $75,000.

6. Venue is proper in this district under 9 U.S.C § 4 and 28 U.S.C. § 1391. The arbitration agreement put at issue in this Petition states that the arbitration "will be held in Wilmington, Delaware."

7. On or about October 2, 2012, Petitioners, Respondent, and Next 1 Interactive Inc. (now known as Monaker Group Inc.) (referred to herein as "Monaker Group") entered into a "Securities Exchange Agreement." *See* Duquette Aff., ¶ 4 and Ex. B.

8. Section 8(a) of the Securities Exchange Agreement states that it "shall be governed by and interpreted in accordance with the laws of the State of Delaware without regard to its conflicts-of-law principles." *See* Duquette Aff., ¶ 4 and Ex. B.

9. Section 8(c) of the Securities Exchange Agreement contains an arbitration clause, which expressly states that any dispute relating to the Securities Exchange Agreement shall be settled by binding arbitration pursuant to the AAA rules before a single arbitrator, and will be held in Wilmington, Delaware (under Section 8(c), the parties and not the AAA administer the arbitration, using the AAA rules). *See* Duquette Aff., ¶ 4 and Ex. B.

10. As of January 25, 2016, Petitioners understood Gracin & Marlow LLP, a New York law firm ("Gracin") to be representing Respondent and Monaker Group. Accordingly, on that date, Petitioners sent Gracin a letter, by and through their counsel, stating that they were commencing an arbitration against Respondent and Monaker Group pursuant to Section 8(c) of the Securities Exchange Agreement. *See* Duquette Aff., ¶ 5 and Ex. C.

11. On or about March 2, 2016, Gracin sent an email to Petitioners' counsel advising that the firm no longer represents Respondent and Monaker Group. Replacement counsel was not identified. *See* Duquette Aff., ¶ 6 and Ex. D.

12. On March 28, 2016, Petitioners issued a formal Demand for Arbitration to Respondent and Monaker Group at the address for notice set forth for each in the Securities Exchange Agreement. *See* Duquette Aff., ¶ 7 and Ex. E.

13. Petitioners' Demand for Arbitration asserts, *inter alia*, that Respondent and Monaker Group defaulted on an obligation to pay $700,000, when they failed to make a deferred cash payment on October 2, 2014 that the Securities Exchange Agreement required (it is referred to in the Demand for Arbitration as the "Retirement Obligation"). The Remedies Requested in the Demand for Arbitration are: the $700,000; related cumulative dividends; interest; attorney's fees and costs. *See* Duquette Aff., ¶ 7 and Ex. E.

14. A March 28, 2016 cover letter written by Petitioners' counsel, Marc B. Duquette, Esq., accompanied the Demand for Arbitration. After referencing: (1) Petitioners' January 25, 2016 letter commencing the arbitration proceeding, and (2) Gracin's representation that it was no longer counsel to Respondent and the Monaker Group, Mr. Duquette expressly stated that, "out of an abundance of caution," Petitioners were issuing "the enclosed **Demand for Arbitration** to Respondent at the address for notice each set forth in the Securities Exchange Agreement, dated October 2, 2012, which contains the parties' arbitration agreement." (Emphasis in original). Mr. Duquette's letter stated further:

> You are hereby advised that if you or your attorneys do not respond to the Demand for Arbitration by April 1, 2016 (through the filing of an Answer to the Demand for Arbitration and/or to discuss the appointment of the arbitrator pursuant to the arbitration agreement), our clients will be compelled to initiate a proceeding

>     under the Federal Arbitration Act to: (1) enforce the arbitration agreement….

*See* Duquette Aff., ¶ 8 and Ex. F.

    15.    On or about April 12, 2016, Monaker Group, by and through its counsel, informed Petitioners that it would participate in the arbitration. *See* Duquette Aff., ¶ 9 and Ex. G.

    16.    Respondent, however, has not agreed to participate in the arbitration.

    17.    Instead, on March 28, 2016, an attorney at Indeglia & Carney LLP ("Indeglia"), a law firm based in Los Angeles, California, emailed Mr. Duquette, and inquired "was this actually filed with AAA." Mr. Duquette responded:

>     "No. Arbitration clause provides for an arbitrator-administered arbitration under the AAA rules (as opposed to an AAA-administered arbitration). I did propose in my earlier letter that we agree to a AAA arbitration to facilitate the process but didn't receive an answer. "

*See* Duquette Aff., ¶ 10 and Ex. H.

    18.    On April 12, 2016, Mr. Duquette advised Indeglia that Monaker Group would be participating in the arbitration, and then stated:

>     We have not heard from Realbiz however. Will you be representing Realbiz in this matter? If not, could you direct us to their counsel or remind your client that we are expecting an answer today concerning their participation in the arbitration. Forcing us to move to compel arbitration will only escalate costs for Realbiz.

Indeglia responded:

>     As you may be aware, there has been a recent change with respect to the proposed representation of RBIZ in this matter. We are currently trying to get this sorted out. I understand that there is some consideration as to changing the situs of the proposed arbitration. Where do the other parties stand on this issue?

*See* Duquette Aff., ¶ 11 and Ex. I.

19. On April 14, 2016, however, Indeglia took the position, for the first time, that Respondent was not subject to the arbitration agreement:

> I have reviewed the Securities Exchange Agreement to which you refer in your Demand for Arbitration. Upon this review, it appears that my client, RealBiz Media Group, Inc., is not a party to that agreement, and as such, is not bound to arbitrate pursuant to your clients' demand. I will further note that, by this same rationale, there appears to be no basis for liability against my client for the damages your client seeks.

*See* Duquette Aff., ¶ 12 and Ex. J.

20. On April 21, 2016, Mr. Duquette advised counsel for Respondent that he was mistaken, stating:

> Attaché Travel International, Inc., a Florida corporation and one of the parties to the Securities Exchange Agreement, changed its name to RealBiz Media Group, Inc. via an amendment to its Articles of Incorporation (copy attached). While both this entity and the public Delaware corporation of the same name use the same address in Florida, it is the Florida corporation that is party to and bound by the Securities Exchange Agreement. That entity is clearly subject to the arbitration. Can you please confirm who represents this entity?

*See* Duquette Aff., ¶ 13 and Ex. K; *see also* Duquette Aff., ¶ 3 and Ex. A. (the referenced Amendment to the Articles of Incorporation).

21. As of the date and time of this Petition, no one on Respondent's behalf has disputed or challenged Mr. Duquette's recitation of facts as set forth in his April 21, 2016 email, or his conclusion that Respondent "is party to and bound by the Securities Exchange Agreement," and thus "clearly subject to the arbitration." *See* Duquette Aff., ¶ 14.

22. Having not heard from Indeglia or anyone else on Respondent's behalf, Mr. Duquette sent the following email to Indeglia on May 2, 2016 – 11 days later:

> I'm following up on my email below. Please let us know who represents RealBiz Media Group, Inc., the Florida Corporation.

Indeglia responded:

5

> It will not be our firm. I am inquiring and will forward any information I may receive.

*See* Duquette Aff., ¶ 15 and Ex. L.

23. On Monday, May 9, 2016, Indeglia: (a) informed Mr. Duquette that he *would* be representing the Respondent; (b) discussed procedural issues with Mr. Duquette relating to the venue and administration of the arbitration; and (c) told Mr. Duquette that he would inform Mr. Duquette by Thursday, May 12, 2016 as to whether Respondent would voluntarily participate in the arbitration. *See* Duquette Aff., ¶ 16 and Exs. M and N.

24. Indeglia, however, did not honor the May 12 deadline, even though Mr. Duquette emailed him and asked him to advise. Moreover, Petitioners did not hear from Indeglia, Respondent or any other representative on its behalf thereafter. *See* Duquette Aff., ¶¶ 17 and Ex. O.

25. On June 14, 2016, Petitioners' counsel requested that Indeglia accept service of the instant Petition on Respondent's behalf. Indeglia responded: "[d]ue to a change in circumstance, I will not be representing Realbiz. I will forward your inquiry to the appropriate party. You may want to check with Realbiz or their new counsel as to whether they are willing to stipulate to the arbitration." Petitioners advised Indeglia that: (1) they would wait no longer, and (2) they would have Respondent formally served. *See* Duquette Aff., ¶ 19 and Ex. P.

26. Accordingly, as of the date and time of this Petition, Respondent has not honored its contractual obligation to arbitrate its dispute with Petitioners. Instead, Respondent has engaged in almost five months of gamesmanship that has included failure to identify its counsel, failure to timely communicate with Petitioners' counsel, and refusal to submit to arbitration pursuant to the Securities Exchange Agreement.

27. For the reasons set forth above, Petitioners respectfully submit "that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4.

28. Petitioners have complied with the requirement in 9 U.S.C. § 4 that "[f]ive days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure." Petitioners served notice in writing of this application on June 15, 2016. *See* Duquette Aff., ¶ 20 and Ex. Q.

29. No previous application for the same or similar relief to that sought herein has been requested in this or in any other court.

WHEREFORE, Petitioners respectfully request that the Court issue an Order pursuant to 9 U.S.C. § 4 that compels Respondent to proceed to arbitration in accordance with the terms of the arbitration agreement contained in the Securities Exchange Agreement, and grant whatever other relief is just and appropriate under the circumstances.

ASHBY & GEDDES

*Of counsel:*

BAILEY DUQUETTE P.C.
David I. Greenberger
Marc B. Duquette
100 Broadway, 10th Floor
New York, NY 10005

Dated: June 21, 2016

/s/Andrew D. Cordo
Andrew D. Cordo (#4534)
F. Troupe Mickler IV (#5361)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Petitioners*